**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

PAYROLL, LLC       :  Case No. 0:23-cv-60489

   Plaintiff      :

v.            :

THE BOTANY BAY, INC.    :

   Defendant/Counter-Plaintiff/ :
   Third Party Plaintiff

            :

v.            :

PAYROLL, LLC, ALEXANDER FELDMAN,
JIMMY RICCARDI,      :
FRANKIN DE LA CRUZ, and
John Doe Defendants 1-5    :

   Counter/Third Party-Defendants :

AND         :

UNITED STATES OF AMERICA  :
   By and through the United States
   Attorney for the Southern District of :
   Florida

            :

   Interpleader Defendant

            :

<u>**ANSWER, COUNTER-CLAIMS, AND THIRD PARTY COMPLAINT OF THE**</u>
<u>**BOTANY BAY, INC.**</u>

   Defendant, The Botany Bay, Inc., through Counsel, for its Answer, Counter-Claims, and

Third Party Complaint, states as follows:

  1. Defendant admits that Plaintiff seeks more than $50,000, but denies that Plaintiff is

    entitled to that, or any amount.

  2. Defendant admits the allegations of Paragraph 2 of Plaintiff's Complaint.

  3. Defendant admits the allegations of Paragraph 3 of Plaintiff's Complaint.

1

4.  Defendant denies that jurisdiction or venue is proper in the Circuit Court for Broward County, Florida.

5.  Defendant admits that the contract was signed on or about June 28, 2022, but denies that it is legal, or enforceable and otherwise denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6.  Defendant admits that the contract was signed on or about June 28, 2022, and admits the authenticity of same, but denies that it is legal, or enforceable and otherwise denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7.  Defendant denies the allegations of Paragraph 7 of Plaintiff's Complaint, and specifically further reincorporates its allegations in its counter-claims and third-party claims below.

8.  Defendant denies the allegations of Paragraph 8 of Plaintiff's Complaint.

9.  Defendant admits that it received checks from the Internal Revenue Service, due to Plaintiff's unauthorized and unwarranted filing, and, further, that it seeks to interplead these funds in and to this court.  Defendant otherwise denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint, and states that Plaintiff offered to tender $68,054.37, but that Defendant refused same.

11. Defendant admits that Plaintiff seeks attorney fees in this matter, but denies that any such fees are proper or owing, under the agreement or otherwise, and otherwise Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint

12. Paragraph 12 is a reincorporation paragraph, to which no response is required, but to the extent a response is required, Defendant reincorporates its prior responses and otherwise denies the allegations in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant denies the allegations of Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations of Paragraph 14 of Plaintiff's Complaint.

15. Paragraph 15 is a reincorporation paragraph, to which no response is required, but to the extent a response is required, Defendant reincorporates its prior responses and otherwise denies the allegations in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies the allegations of Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations of Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations of Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations of Paragraph 19 of Plaintiff's Complaint.

20. Paragraph 20 is a reincorporation paragraph, to which no response is required, but to the extent a response is required, Defendant reincorporates its prior responses and otherwise denies the allegations in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations of Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations of Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations of Paragraph 23 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Circuit Court for Broward County, Florida Court lacks personal jurisdiction over this Defendant.

2. Venue is improper in this Court.

3. Plaintiff failed to properly serve this Defendant, and thus this action is barred for insufficient and/or improper service of process.

4. Plaintiff failed to state a claim upon which relief can be granted.

5. Plaintiff failed to join a necessary and indispensable party.

6.  Plaintiff's claims are barred due to illegality, including for those reasons set forth in the counterclaims and third-party claims.

7.  Plaintiff's claims are barred because it breached its fiduciary duties to this Defendant, as explained and set forth in the counter-claims and third-party claims, which requires a forfeiture of any and all compensation that may be otherwise due it.

8.  Plaintiff's claims are barred due to Plaintiff's fraud.

9.  The contract was procedure by fraud in the inducement, barring Plaintiff's claims.

10. Plaintiff's claims are barred due to contributory negligence.

11. Plaintiff's claims are barred due to estoppel.

12. Plaintiff's claims are barred due to failure of consideration.

13. Plaintiff's claims are barred for the grounds stated in this Defendant's counter-claims and third-party claims.

14. Plaintiff's claims are barred because one or more conditions precedent for payment have not been made.

15. Plaintiff's claims are barred because the contract at issue is unconscionable.

16. Plaintiff's claims are barred because Plaintiff committed the first material breach of the Agreement.

17. Defendant reserves the right to raise additional defenses as this matter proceeds.

## COUNTERCLAIMS AND THIRD-PARTY CLAIMS AGAINST PAYROLL, LLC, ALEXANDER FELDMAN, JIMMY RICCARDI, FRANKIN DE LA CRUZ AND JOHN DOE DEFENDANTS 1-5

The Botany Bay, Inc., through Counsel, for its Counterclaims and Third-Party Claims against Payroll, LLC, Alexander Feldman, Jimmy Riccardi, Franklin De La Cruz, and John Doe Defendants 1-5, state as follows:

1. The Botany Bay, Inc. is a Kentucky corporation, who does business in the Commonwealth of Kentucky.

2. Payroll, LLC, is a Florida Limited Liability Company, whose place of registration and principal place of business is 8409 N Military Trail, Suite 119, Palm Beach Gardens, FL 33410.

3. Payroll, LLC's members and partners with a include, without limitation, Alexander Feldman ("Feldman") and Franklin De La Cruz ("De La Cruz").  Upon information and belief, both are Florida residents.

4. Payroll, LLC employed, at all times relevant hereto, Jimmy Riccardi ("Riccardi"), whose actions as described herein were ratified and approved by Alexander Feldman and Franklin De La Cruz.  Upon information and belief, Riccardi is a Florida resident.

5. John Doe Defendants 1-5 are agents, employees, officers, attorneys, or others acting in concert with Payroll, LLC, who committed the acts and/or omissions described herein. Upon information and belief, John Doe Defendants 1-5 are Florida residents.

6. On or about June 28, 2022, Payroll, LLC, had interactions with The Botany Bay, Inc., initially between Jimmy Riccardi, who was with Payroll, LLC and Brandon Baker, the office manager of The Botany Bay, Inc.

7. In that initial telephone call, on or about June 28, 2022, Jimmy Riccardi informed Brandon Baker that Payroll, LLC was a company that was owned and operated by accountants, who were experts with Employee Retention Credits, and had long experience with tax services.  Riccardi also informed Brandon Baker that Payroll, LLC had developed an expertise for assessing, evaluating, and properly completing with the Internal Revenue Service Employee Retention Credits.  Riccardi further informed

Brandon Baker that Payroll, LLC was a partner with ADP, which is a nationally renowned payroll processor.

8.   At the conclusion of that call, Brandon Baker and Jimmy Riccardi set up a follow up phone call that same day with the respective principals, Alexander Feldman and Franklin De La Cruz with Payroll, LLC and Ginny Saville for The Botany Bay, Inc.

9.   After that, Riccardi sent an email to The Botany Bay, Inc. at approximately 2:25 p.m., which is attached as **Exhibit 1** hereto.  In it, he advises that The Botany Bay, Inc. can have its accountant review and complete an Employee Retention Credit, or it can enter into a contingency fee agreement with Payroll, LLC, where "[w]e only get paid if you get money from the IRS."

10.  Again, and later on or about June 28, 2022, between 2:25 p.m. and 5:02 p.m., a follow up telephone call was held between Alexander Feldman and Franklin De La Cruz with Payroll, LLC and Ginny Saville for The Botany Bay, Inc.  In that call, again, Feldman and De La Cruz each reiterated that Payroll, LLC was a company that was owned and operated by accountants (i.e. Feldman and De La Cruz), who were experts with Employee Retention Credits, and had long experience with tax services.  Feldman and De La Cruz likewise informed Saville that Payroll, LLC had developed an expertise for assessing, evaluating, and properly completing with the Internal Revenue Service Employee Retention Credits.  And Feldman and De La Cruz informed Saville that Payroll, LLC had a partnership with ADP, which is a nationally renowned payroll processor.

11.  During the call between Saville and Feldman and De La Cruz on June 28, 2022, between 2:25 p.m. and 5:02 p.m., Saville expressed some misgivings about having Payroll, LLC

pursue Employee Retention Credits, due to concerns with the Internal Revenue Service and scrutiny.  She likewise insisted that The Botany Bay, Inc.'s own accountant review any filing in advance of Payroll, LLC submitting anything to the Internal Revenue Service.  In response, Feldman and De La Cruz each again assured Saville that Payroll, LLC was a professional service provider owned by tax professionals, a partner with ADP, and had a long track record of accurately and carefully preparing tax forms, and that they would permit The Botany Bay, Inc.'s own accountant to review any filing with the Internal Revenue Service  prior to submission.

12. Based on the representations made by Riccardi, Feldman, and De La Cruz, which were material to The Botany Bay, Inc., on behalf of Payroll, LLC, as set forth in Paragraphs 7, 10, and 11 herein, and because she reasonably and justifiably relied upon the foregoing representations, Saville authorized Brandon Baker to sign an agreement with Payroll, LLC at approximately 5:02 p.m. on June 28, 2022, which was previously filed with the Court at PageID#6-10.  An email reflecting the signing of that document and the signed agreement by Brandon Baker is attached as **Exhibit 2** hereto (hereinafter the "Agreement").  Feldman then signed the Agreement for Payroll, LLC at approximately the same time.

13. The Agreement, at **Exhibit 2**, and at PageID#6-10, provided that Payroll, LLC would be the agent of The Botany Bay, Inc., for purposes of preparing and submitting "all paperwork, forms and materials associated with the Employee Retention Credit ("ERC") benefits," and in fact, further provided that "Client retains Firm exclusively to represent Client in obtaining ALL The ERC, FFCRA & EPSLA eligible to the client for calendar year 2020 and 2021, and Firm agrees to provide tax credits services and to represent

7

Client's interests, all according to the terms set forth in this Agreement for the following tax agencies: IRS."

14. Plaintiff purports to charge a 30% contingency fee for its services under the Agreement.

15. This representational Agreement imposed fiduciary duties upon Payroll, LLC and its members and representatives, pursuant to Florida common law, including the duty of loyalty, the duty to communicate truthfully, the duty of disclosure, and the duty of care.

16. Payroll, LLC, Riccardi, and representatives of The Botany Bay, Inc., then exchanged certain additional emails.  At 5:09 p.m. on June 28, 2022, Riccardi sent another email to Saville, asking about government restrictions that The Botany Bay, Inc. was under, which is contained at **Exhibit 3** hereto.

17. At 5:21 p.m. on June 28, 2022, the "Documents Team" at Payroll, LLC, sent an email to The Botany Bay, Inc., asking them to complete a questionnaire, provide quarterly tax filings, and providing a video.  A true and accurate copy of this is attached as **Exhibit 4** hereto.  Upon information and belief, the Documents Team consisted of Riccardi, De La Cruz, and Feldman, and John Doe Defendants 1-5.

18. Payroll, LLC, likewise sent The Botany Bay, Inc. a questionnaire, which was filled out by The Botany Bay, Inc. and transmitted to Payroll, LLC, Riccardi, De La Cruz, and Feldman, at approximately 5:33 p.m., also on June 28, 2022, relative to the employee retention credit, which is attached as **Exhibit 5**, hereto.  In that questionnaire, The Botany Bay, Inc., truthfully indicated that The Botany Bay, Inc., did not have a revenue drop that would pass the qualifications test for the credit in any quarter, and further truthfully indicated that The Botany Bay, Inc., had received Payroll Protection Plan funds in the CARES act.

19. In response to Riccardi's questions in the **Exhibit 3** email, Ginny Saville, on behalf of The Botany Bay, Inc., sent two emails back to Riccardi, on June 28, 2022, at **Exhibit 6** hereto at 5:46 p.m., and a follow up at 7:29 p.m.  Saville indicates, in that email, that impacted periods include from February 20, 2020 to May 20, 2020, and, in the 7:29 p.m. email, also provided a link to the Kentucky Governor's COVID-19 orders.

20. On June 28, 2022, at 10:24 p.m., Alex Feldman sent an email to The Botany Bay, Inc., advising that Payroll, LLC would be sending closing documents to sign.  Thereafter, between July 1, 2022 and July 7, 2022, Saville again expressed concern with the work of Payroll, LLC, that the credit had been calculated properly, and that The Botany Bay, Inc., was not being scammed.   A true and accurate copy of this exchange is contained at **Exhibit 7** hereto.

21. At no time did Payroll, LLC, Feldman, De La Cruz, Riccardi, or John Doe Defendants 1-5, provide a thorough accounting, work-product, or calculations to support its Employee Retention Credit findings to The Botany Bay, Inc.

22. On July 7, 2022, as reflected in Exhibit 7, Saville states: "Can I see the detailed information? There were some questions about the owners and family members and I want [to] understand why that matters. I've mentioned twice now that the answers to those questions are different now than they were at the time and I want to make sure that this was done properly. I'm also asking my accountant about it. I want to go through with this but I also want to make sure it's correct."

23. In response, Feldman refers back to the questionnaire, and on July 7, 2022, at 6:29 p.m., advises that "everything is fine.  You are not getting more than you should be getting." However, Feldman knew that this statement was false, and thus declined to provide an

accounting, work-product, or calculations to support its Employee Retention Credit findings to The Botany Bay, Inc.

24. Moreover, starting on June 30, 2022, The Botany Bay, Inc. began receiving "closing documents" from Payroll, LLC.  Those documents included the completion of an IRS Form 2848, which was necessary for Payroll, LLC to legally submit anything to the IRS on behalf of The Botany Bay, Inc.

25. Saville had ongoing questions concerning the positions taken by Payroll, LLC, and Feldman, De La Cruz, and John Doe Defendants 1-5 refused to answer those questions. Thus, The Botany Bay, Inc., never filled out the closing forms that would have authorized the filing of any amended returns, including an IRS Form 2848, even though Payroll, LLC sent repeated requests that these materials be filled out, as reflected in **Exhibit 8** hereto.

26. Specifically, and without limitation, the Internal Revenue Service, through the authority promulgated to it under 31 U.S.C. § 330, provides for requirements to practice before it, which includes the filing of paperwork on behalf of others, and includes the requirements set forth in 31 C.F.R. § 10.2, 31 C.F.R. § 10.3, 31 C.F.R. § 10.22, 31 C.F.R. § 10.27, 31 C.F.R. § 10.28, 31 C.F.R. § 10.29, 31 C.F.R. § 10.34, 31 C.F.R. § 10.37, 26 C.F.R. § 1.6107-1, and 26 C.F.R. § 601.602.

27. Pursuant to 31 C.F.R. § 10.2, the Internal Revenue Service limits who may practice before, it, and includes, within the definition of practice before the Internal Revenue Service, "all matters connected with a presentation to the Internal Revenue Service or any of its officers or employees relating to a taxpayer's rights, privileges, or liabilities under laws or regulations administered by the Internal Revenue Service. Such presentations

include, but are not limited to, preparing documents; filing documents; corresponding and communicating with the Internal Revenue Service; rendering written advice with respect to any entity, transaction, plan or arrangement, or other plan or arrangement having a potential for tax avoidance or evasion; and representing a client at conferences, hearings, and meetings."

28. Payroll, LLC, and Feldman, De La Cruz, and John Doe Defendants 1-5 each, through their actions herein, practiced before the Internal Revenue Service within the definition of this subpart, and were thus subject to the requirements of that subpart, because they were involved in preparing submissions, and submitted submissions, to the Internal Revenue Service, relating to a taxpayer's rights, privileges, or liabilities under laws or regulations administered by the Internal Revenue Service. They each prepared documents, filed documents with the Internal Revenue Service. And they each rendered written advice, as further explained herein, having a potential for tax avoidance and/or evasion.

29. Further, at all times relevant hereto, 31 C.F.R. § 10.3 limits who may practice before it. Moreover, at all times relevant hereto, 31 C.F.R. § 10.22 required the exercise of due diligence in the preparation of submittals to the Internal Revenue Service.

30. Furthermore, 31 C.F.R. § 10.27 prohibits the charging of a contingent fee in connection with submittals to the Internal Revenue Service.

31. Furthermore, 31 C.F.R. § 10.28 prohibits the failure to promptly return all records or filings to a client upon demand.

32. Furthermore, 31 C.F.R. § 10.29 prohibits conflicts of interest, including those in which a "[t]here is a significant risk that the representation of one or more clients will be materially limited by the … personal interest of the practitioner."

11

33. Furthermore, 31 C.F.R. § 10.34 contains prohibitions on filings that lack a reasonable basis, or is a willful attempt to understate tax liability.

34. Further, responsible officials, such as De La Cruz and Feldman, must undertake reasonable procedures to ensure compliance with federal tax laws, pursuant to 31 C.F.R. § 10.36.

35. Moreover, 31 C.F.R. § 10.37 provides requirements for the giving of written advice, including that the written advice be based on reasonable factual and legal assumptions, reasonably consider all relevant facts and circumstances that the practitioner knows or reasonably should know, use reasonable efforts to identify and ascertain the facts relevant to written advice on each Federal tax matter, not rely upon representations, statements, findings, or agreements (including projections, financial forecasts, or appraisals) of the taxpayer or any other person if reliance on them would be unreasonable, and Relate applicable law and authorities to facts.

36. Furthermore, pursuant to 26 C.F.R. § 1.6107-1, a copy of any filing with the IRS, such as an amended return claiming an Employee Retention Credit, must be provided to the taxpayer upon request.

37. Moreover, 26 C.F.R. § 601.602 provides instructions for tax forms and their accurate completion.

38. In August, 2022, The Botany Bay, Inc., had its accountant assess the Employee Retention Credit, and on August 3, 2022, its accountant, Blue & Co., LLC, filled out a 941-X tax return for the second quarter, 2020.  Blue & Co., LLC determined that The Botany Bay, Inc., was *only* qualified for that quarter.

39. Pursuant to the CARES Act, and Relief Act of 2021, The Botany Bay, Inc., was only eligible for the Employee Retention Credit for the second quarter, 2020. That is because its earnings for other quarters in 2020 and early 2021 did not qualify because it was not enough of a reduction below the corresponding 2019 quarter, and the business did not have a material impact from government orders in other quarters, since the business re-opened in May, 2020 and remained open thereafter.

40. On December 9, 2022, De La Cruz sent an email to The Botany Bay, Inc., reflecting his, and Payroll LLC's position that the contingency fee was due, that Payroll, LLC had allegedly "achieved our objective contractually, and we are owed our fee," and that it was going to sue for amounts it claimed were owed. A true and accurate copy of that is attached as **Exhibit 9** hereto.

41. Recognizing that there were ongoing concerns, De La Cruz offered to have a phone call with Saville and The Botany Bay, Inc.'s accountant, but never scheduled same.

42. On January 20, 2023, Ginny Saville and The Botany Bay, Inc., received checks from the Internal Revenue Service totaling an additional $12,347.60 for second quarter, 2020, $62,110.83 for third quarter, 2020, $43,933.43 for fourth quarter, 2020, and $95,893.59 for first quarter, 2021, and all totaling $214,285.50.

43. Saville and The Botany Bay, Inc. were surprised by this because: (i) they never signed the closing documentation, nor authorized Payroll, LLC to submit the documents to the Internal Revenue Service; (ii) its accountant was not permitted to review the filings as previously agreed; (iii) the amounts received were inconsistent with what Blue & Co., LLC determined was lawful; and (iv) The Botany Bay, Inc. was never provided a copy of

any tax return information, despite its requests, which indicated to it that there was no submission.

44. In truth, De La Cruz, Feldman, Riccardi, and Payroll, LLC each deliberately and willfully misstated and overinflated the amount of the Employee Retention Credit that The Botany Bay, Inc. was eligible for, in an effort to maximize their contingency fee, at the expense of their client The Botany Bay, Inc.

45. Then, making matters worse, at some point between June 30, 2022, and January 20, 2023, De La Cruz, Feldman, Riccardi, and Payroll, LLC, along with John Doe Defendants 1-5, each completed a Form 940X on behalf of The Botany Bay, Inc., for the second quarter, 2020, third quarter, 2020, fourth quarter, 2020, and first quarter, 2021, which was materially false, and submitted it to the Internal Revenue Service via electronic means, which crossed state lines and was accomplished via means of interstate commerce.

46. Each of the foregoing, De La Cruz, Feldman, Riccardi, and Payroll, LLC, along with John Doe Defendants 1-5, each were involved in making these filings, even though they knew that The Botany Bay, Inc.: (i) had not signed the IRS Form 2848 that would authorize the filing; (ii) knew, or were reckless in not knowing, that The Botany Bay, Inc., was not eligible for the Employee Retention Credit other than in the second quarter of 2020, and even then overstated the amount of the return; (iii) did so to maximize their own contingency fee, even though they knew this was against the interest of the Botany Bay, Inc.; (iv) made knowingly and materially false and misleading statements in the 940X forms they filed as provided herein.

47. Thus, on January 20, 2023, Saville had an email exchange with Feldman that again requested copies of what was submitted to the IRS, and noted that The Botany Bay, Inc.

needed information from Payroll, LLC, Feldman, De La Cruz, and Riccardi, for the company's accountant to amend returns (i.e. undo) what Payroll, LLC, Feldman, De La Cruz, and Riccardi, and John Doe Defendants 1-5 had filed with the IRS.  A true and accurate copy of that exchange is attached as **Exhibit 10** hereto.

48. In response, and instead of providing the requested information, and with knowledge that disclosure of the filings would reveal their substantial fraud and breaches of fiduciary duty by Payroll, LLC, Feldman, De La Cruz, Riccardi, and John Doe Defendants 1-5, Feldman refused to provide the information, and instead again demanded payment.

49. Thereafter, Plaintiff filed the instant lawsuit in an effort to collect the illegal and fraudulent contingency fee.

50. In the meantime, Defendant, The Botany Bay, Inc., incurred significant damages due to the misconduct of Payroll, LLC, Feldman, De La Cruz, Riccardi, and John Doe Defendants 1-5, as further described herein.

51. That damage included: retention of attorneys, tax experts, and accountants, to analyze and determine what Payroll, LLC, Feldman, De La Cruz, Riccardi, and John Doe Defendants 1-5 did.  Among other things, experts determined (i) that Payroll, LLC, Feldman, De La Cruz, Riccardi, and John Doe Defendants 1-5 submitted, via a Form 940X, improper claims for credits for the second quarter, 2020, third quarter, 2020, fourth quarter, 2020, and first quarter, 2021; (ii) that these same persons filed the 940X forms, without obtaining proper authorization from The Botany Bay, Inc., either through a properly completed IRS Form 2848 by The Botany Bay, Inc., or by obtaining its signature on the 940X forms themselves, which never occurred; (iii) that these persons violated 31 C.F.R. § 10.2, 31 C.F.R. § 10.3, 31 C.F.R. § 10.22, 31 C.F.R. § 10.27, 31

C.F.R. § 10.28, 31 C.F.R. § 10.29, 31 C.F.R. § 10.34, 31 C.F.R. § 10.37, 26 C.F.R. § 1.6107-1, and 26 C.F.R. § 601.602 in completing the returns in question; (iv) that an amended return needed filed to undo the fraudulent return filed by Payroll, LLC, Feldman, De La Cruz, Riccardi, and John Doe Defendants 1-5.

52. In the course of undertaking this investigation, it was determined that Payroll, LLC, Feldman, De La Cruz, Riccardi, and John Doe Defendants 1-5 actually filed the 940X forms using the wrong address for The Botany Bay, Inc., further frustrating and delaying corrective efforts.

53. The Botany Bay, Inc., by and through its accountants, is in the process of filing the corrected returns with the Internal Revenue Service to undo the tax fraud committed by Payroll, LLC, Feldman, De La Cruz, Riccardi, and John Doe Defendants 1-5, and, with this action, seek to interplead the funds received for the Court to direct back to the United States government.

54. All told, the corrective efforts by The Botany Bay, Inc. to correct the fraudulent returns, are expected to exceed $25,000 in costs and expenses.

55. The representations made by Riccardi, De La Cruz, and Feldman, and on their own behalf and on behalf of Payroll, LLC, in paragraphs 7, 10, and 11 were materially and knowingly false. Payroll, LLC is not a company that was owned and operated by accountants. Feldman and De La Cruz, and Payroll, LLC, as well as Riccardi, are not experts with respect to Employee Retention Credits, but rather are fraudsters, criminals, and scam artists. None of the foregoing have long experience with tax services. Payroll, LLC has never been a partner of ADP, but rather, at best, had a contractual representation with ADP. And, when Feldman and De La Cruz made the representation to Saville on

June 28, 2022, that The Botany Bay, Inc.'s own accountant could review any filing with the IRC prior to it being made, they had no intention of honoring that promise.

56. Further, Plaintiff Payroll, LLC, as well as Third Party Defendants Riccardi, Feldman and De La Cruz, as well as John Doe Defendants 1-5 were each involved in practice before the Internal Revenue Service as defined in applicable law and regulation, in their preparation and submission of the 940X forms they filed as provided herein for The Botany Bay, Inc., for the second quarter, 2020, third quarter, 2020, fourth quarter, 2020, and first quarter, 2021.

57. In so doing, Plaintiff Payroll, LLC, as well as Third Party Defendants Riccardi, Feldman and De La Cruz, as well as John Doe Defendants 1-5 each violated 31 U.S.C. § 330, as well as the requirements set forth in 31 C.F.R. § 10.2, 31 C.F.R. § 10.3, 31 C.F.R. § 10.22, 31 C.F.R. § 10.27, 31 C.F.R. § 10.28, 31 C.F.R. § 10.29, 31 C.F.R. § 10.34, 31 C.F.R. § 10.37, 26 C.F.R. § 1.6107-1, and 26 C.F.R. § 601.602.

**COUNT I – BREACH OF FIDUCIARY DUTY/AIDING AND ABETTING BREACH OF FIDUCIARY DUTY (against Payroll, LLC, Alexander Feldman, Franklin De La Cruz, Jimmy Riccardi, and John Doe Defendants 1-5)**

58. Defendant, The Botany Bay, Inc., reincorporates the foregoing allegations in paragraphs 1-57, as if fully set forth herein.

59. The representational Agreement, under which Payroll, LLC purported to undertake agent duties, imposed fiduciary duties upon Payroll, LLC and its members and representatives, to include Alexander Feldman and Franklin De La Cruz, pursuant to Florida common law, including the duty of loyalty, the duty to communicate truthfully, the duty of disclosure, and the duty of care.  *See Fisher v. Grady*, 131 Fla. 1, 178 So. 852, 860 (Fla. 1937); *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d DCA 1994); *The Florida*

17

*Bar v. Joy*, 679 So. 2d 1165, 1167 (Fla. 1996); *Donahue v. Davis*, 68 So. 2d 163, 171 (Fla. 1953). *See also* Restatement (Second) of Trusts § 170(2) (1957).

60. Plaintiff Payroll, LLC, as well as ThirdParty Defendants Riccardi, Feldman and De La Cruz, as well as John Doe Defendants 1-5 breached their fiduciary duties of loyalty, communication, disclosure, and care to The Botany Bay, Inc., by filing fraudulent, false and incorrect 940X tax forms purportedly on behalf of The Botany Bay, Inc., which were unwarranted under the law for the Employment Retention Credit,  in a manner designed to maximize their own contingency fee at the expense of their client, and by refusing to provide disclosure and the filings they made with the Internal Revenue Service.  The Botany Bay, Inc., has suffered significant financial harm from these breaches.

61. In the alternative, Third-Party Defendants Riccardi, Feldman, De La Cruz, and John Doe Defendants are liable for aiding and abetting Payroll, LLC's breach of fiduciary duty because each of them were aware of the fiduciary duty undertaken by Payroll, LLC and breaches of that duty, since each personally participated in those breaches, each had knowledge of those breaches, and each substantially assisted and/or encouraged that breach through their personal participation.

62. In addition to constituting a forfeiture of any and all compensation sought by Plaintiff, *see Carroll v. Carroll*, 127 Fla. 226, 172 So. 916, 918 (1937); *American Surety Co. of New York v. Hayden*, 112 Fla. 17, 150 So. 114, 121 (1933), Defendant The Botany Bay, Inc., seeks damages proximately caused by the breach of fiduciary duty or aiding and abetting such breach of fiduciary duty, by Plaintiff Payroll, LLC, as well as Third-Party Defendants Riccardi, Feldman and De La Cruz, as well as John Doe Defendants 1-5, to

include all monies spent in remediating these breaches, as well as their reasonable
attorney fees and costs, which exceed $25,000 as of the date of this filing.

63. Plaintiff Payroll, LLC, as well as Third-Party Defendants Riccardi, Feldman and De La
Cruz, as well as John Doe Defendants 1-5, are liable for punitive damages under Fl. Stat.
768.72, because their misconduct was intentional or constituted gross negligence as
provided in that section.

### COUNT II – FRAUD/AIDING AND ABETTING FRAUD (against Payroll, LLC, Alexander Feldman, Jimmy Riccardi, Franklin De La Cruz)

64. Defendant, The Botany Bay, Inc., reincorporates the foregoing allegations in paragraphs
1-57 as if fully set forth herein.

65. Payroll, LLC, Alexander Feldman, Franklin De La Cruz, and Jimmy Riccardi, made
affirmative material representations of fact, including the representations contained in
Paragraphs 7, 10, 11, and 23.

66. These representations were both material and false, as provided in Paragraphs 12, 23, 45,
50, and 54.

67. Payroll, LLC, Alexander Feldman, Franklin De La Cruz, and Jimmy Riccardi intended
The Botany Bay, Inc., to rely upon the representations made in Paragraphs 7, 10, 11, and
23.

68. The Botany Bay, Inc. has been actually and proximately injured as a consequence of the
foregoing, to include all monies spent in remediating these breaches, as well as their
reasonable attorney fees and costs, which exceed $25,000 as of the date of this filing.

69. The Botany Bay, Inc., further seeks recission of the Agreement due to fraudulent
inducement.

70. In the alternative, Third Party Defendants Riccardi, Feldman, and De La Cruz are liable for aiding and abetting Payroll, LLC's fraud because each of them were aware of the fraudulent misrepresentations, and each personally participated in those fraudulent misrepresentations, each had knowledge of those fraudulent misrepresentations, and each substantially assisted in those fraudulent misrepresentations.

71. Plaintiff Payroll, LLC, as well as Third-Party Defendants Riccardi, Feldman and De La Cruz, as well as John Doe Defendants 1-5, are liable for punitive damages under Fl. Stat. 768.72, because their misconduct was intentional or constituted gross negligence as provided in that section.

**COUNT III – CIVIL CONSPIRACY (against Payroll, LLC, Alexander Feldman, Jimmy Riccardi, Franklin De La Cruz and John Doe Defendants 1-5)**

72. Defendant, The Botany Bay, Inc., reincorporates the foregoing allegations in paragraphs 1-57, as if fully set forth herein.

73. Payroll, LLC, Alexander Feldman, Jimmy Riccardi, Franklin De La Cruz and John Doe Defendants 1-5 had an agreement, to do an unlawful act, to including the filing of the 940X forms, to charge an illegal contingency fee in violation of 31 U.S.C. § 330 and 31 C.F.R. § 10.27, and executed overt acts, including the filing of the 940X forms and the attempt to not only charge but then collect the illegal contingency fee, in pursuance of the conspiracy.

74. The Botany Bay, Inc. has been actually and proximately injured as a consequence of the foregoing, to include all monies spent in remediating the effects of this conspiracy, as well as their reasonable attorney fees and costs, which exceed $25,000 as of the date of this filing.

75. Plaintiff Payroll, LLC, as well as Third-Party Defendants Riccardi, Feldman and De La Cruz, as well as John Doe Defendants 1-5, are liable for punitive damages under Fl. Stat. 768.72, because their misconduct was intentional or constituted gross negligence as provided in that section.

**COUNT IV – NEGLIGENCE (against Payroll, LLC, Alexander Feldman, Jimmy Riccardi, Franklin De La Cruz and John Doe Defendants 1-5)**

76. Defendant, The Botany Bay, Inc., reincorporates the foregoing allegations in paragraphs 1-57 as if fully set forth herein.

77. Plaintiff Payroll, LLC; Third-Party Defendants Riccardi, Feldman and De La Cruz; and John Doe Defendants 1-5, failed to exercise reasonable and customary care in the preparation and submittal of the 940X forms.

78. As a consequence of the foregoing negligence, The Botany Bay, Inc. has been actually and proximately injured as a consequence of the foregoing, to include all monies spent in remediating the effects of this conspiracy, as well as its reasonable attorney fees and costs, which exceed $25,000 as of the date of this filing.

79. Plaintiff Payroll, LLC; Third-Party Defendants Riccardi, Feldman and De La Cruz; and John Doe Defendants 1-5, are liable for punitive damages under Fl. Stat. § 768.72 because their misconduct was intentional or constituted gross negligence as provided in that section.

**COUNT V – NEGLIGENCE PER SE (against Payroll, LLC, Alexander Feldman, Jimmy Riccardi, Franklin De La Cruz and John Doe Defendants 1-5)**

80. Defendant, The Botany Bay, Inc., reincorporates the foregoing allegations in paragraphs 1-57 as if fully set forth herein.

81. Plaintiff Payroll, LLC; Third-Party Defendants Riccardi, Feldman and De La Cruz; and John Doe Defendants 1-5 each violated 31 U.S.C. § 330, as well as the requirements set forth in 31 C.F.R. § 10.2, 31 C.F.R. § 10.3, 31 C.F.R. § 10.22, 31 C.F.R. § 10.27, 31 C.F.R. § 10.28, 31 C.F.R. § 10.29, 31 C.F.R. § 10.34, 31 C.F.R. § 10.37, 26 C.F.R. § 1.6107-1, and 26 C.F.R. § 601.602, constituting negligence per se.

82. As a consequence of the foregoing negligence, The Botany Bay, Inc. has been actually and proximately injured as a consequence of the foregoing, to include all monies spent in remediating the effects of this conspiracy, as well as their reasonable attorney fees and costs, which exceed $25,000 as of the date of this filing.

83. Plaintiff Payroll, LLC; Third-Party Defendants Riccardi, Feldman and De La Cruz; and John Doe Defendants 1-5, are liable for punitive damages under Fl. Stat. § 768.72 because their misconduct was intentional or constituted gross negligence as provided in that section.

### COUNT VI – BREACH OF CONTRACT (against Payroll, LLC)

84. Defendant, The Botany Bay, Inc., reincorporates the foregoing allegations in paragraphs 1-57 as if fully set forth herein.

85. Assuming the Agreement is not rescinded due to fraudulent inducement, and in the alternative to that claim, the Agreement required Payroll, LLC to competently and correctly complete any representation related to the Employee Retention Credit.

86. In the alternative to the fraudulent inducement/recission claim, Payroll, LLC breached that agreement, by filing incorrect, improper, false and/or fraudulent 940X forms, related to The Botany Bay, Inc.'s Employee Retention Credit.

87. In the alternative to the fraudulent inducement/recission claim, Plaintiff Payroll, LLC's breaches have actually and proximately injured The Botany Bay, Inc., as a consequence of the foregoing, to include all monies spent in remediating the effects of this conspiracy, as well as their reasonable attorney fees and costs, which exceed $25,000 as of the date of this filing.

**COUNT VII – DECLARATORY RELIEF (against Payroll, LLC)**

88. Defendant, The Botany Bay, Inc., reincorporates the foregoing allegations in paragraphs 1-57 as if fully set forth herein.

89. Defendant, The Botany Bay, Inc., seeks declaratory relief that the contingency fee Agreement is invalid and unenforceable, as provided in 31 U.S.C. § 330 and 31 C.F.R. § 10.27.

**COUNT VIII – INTERPLEADER/PAYMENT INTO COURT (claim involving the United States and Payroll, LLC)**

90. Defendant, The Botany Bay, Inc., reincorporates the foregoing allegations in paragraphs 1-57 as if fully set forth herein.

91. Pursuant to FRCP 22 and FRCP 67, Defendant, The Botany Bay, Inc., having determined that the sums received by it from the Internal Revenue Service in the amount of $214,285.50, were the result of the fraud of Defendants Payroll, LLC and its employees and principals, seeks an order permitting it to deposit same into the registry of this Court, so that the United States can obtain the return of these funds, and, to the extent Payroll, LLC or its employees or agents seek same, they can make a claim for same.

**WHEREFORE,** Defendant, The Botany Bay, Inc., seeks relief from this Court as follows:

- That the claims asserted against it by Payroll, LLC be dismissed with prejudice;

- That it be awarded its actual compensatory damages, in an amount exceeding $25,000, against Payroll, LLC, Alexander Feldman, Jimmy Riccardi, Franklin De La Cruz, and John Doe Defendants 1-5, in an amount to be proven at trial;

- That it be awarded treble damages under RICO, in an amount to be proven at trial;

- That it be awarded punitive damages against Payroll, LLC, Alexander Feldman, Jimmy Riccardi, Franklin De La Cruz, and John Doe Defendants 1-5, in an amount to be proven at trial;

- That it be awarded its reasonable attorney fees and costs;

- That it be awarded injunctive relief under RICO;

- That it be permitted to deposit the sum of $214,285.50, which it is holding in escrow for the benefit of the United States, into the registry of this Court pursuant to FRCP 22 and 67; and

- Such other relief as this Court may find just and proper.

Respectfully submitted,

By: /s/ Malinda L. Hayes
MALINDA L. HAYES, ESQ.
Florida Bar No. 0073503
Law Offices of Malinda L. Hayes
378 Northlake Blvd., Suite 218
North Palm Beach, FL 33408
(561) 537-3796
malinda@mlhlawoffices.com

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
Tel:    513/257-1895
chris@cwiestlaw.com
*Admitted Pro Hac Vice*
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon Counsel for Plaintiff, by filing same with this Court via CM/ECF, this 24 day of April, 2023.  Further, summons will be uploaded upon new parties, and served as required by law.

/s/ Malinda Hayes