UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-60489-ALTMAN/Hunt

**PAYROLL, LLC**,

    *Plaintiff*,

v.

**THE BOTANY BAY, INC.**,

    *Defendant*.

_____/

## ORDER

The Plaintiff has filed a Motion for Remand to State Court (the "Remand Motion") [ECF No. 15]—which, after careful review, we now **DENY**.[1]

### THE FACTS

On February 17, 2023, our Plaintiff, Payroll, LLC, sued the Defendant, The Botany Bay, Inc., in state court, alleging the breach of a services contract and asking for a "past due balance of $68,054.37." *See* Complaint [ECF No. 1-1] ¶ 10. The parties' contract includes an indemnification clause, entitling Payroll to any "reasonable attorneys' fees" it incurs as a result of Botany Bay's breach. *See* Complaint Ex. A ("Services Agreement") [ECF No. 1-1] at 8. On March 8, 2023, Ginny Saville, the sole shareholder and president of Botany Bay exchanged text messages with Alex Feldman, Payroll's principal, offering "to settle and resolve th[e] matter." *See* Declaration of Ginny Saville ("Saville Decl.") [ECF No. 20-1] ¶ 2. In those text messages, Saville offered Feldman the full amount of damages Payroll had requested in its Complaint—$68,054.37. *Ibid.* But Feldman rejected the offer,

---

[1] The Remand Motion is ripe for resolution. *See* Defendant's Response and Memorandum in Opposition to Motion to Remand (the "Response") [ECF No. 20]; Plaintiff's Reply in Support of Motion for Remand to State Court (the "Reply") [ECF No. 22].

"demanding" no less than "the full $90,000" because he was "[n]ow . . . subject to paying [his] attorney 30% of the collection amount." *Id.* ¶ 3. Here's the relevant portion of that text:

> Feel free to wire the full $90,000 at your earliest convenience. We have called and texted you 50 times or more and we also sent 50 emails since October. You have failed to respond to everything we ever attempted. The only thing that has gotten your attention has been the lawsuit that I filed. *Now I am subject to paying my attorney 30% of the collection amount. I will not pay for my attorneys['] fees* when you are the one who single-handedly caused this entire lawsuit to occur. If you do not wish to pay my legal fees, that is your prerogative, but I will pursue you to the end of the Earth until you pay for the damages you created. . . . I strongly recommend *you pay the full amount and cover my legal cost* because of the despicable behavior you displayed[.]

*Ibid.* (errors in original & emphases added).

On March 15, 2023, one week after receiving this $90,000 demand—and noting that Payroll's new demand exceeds our amount-in-controversy threshold, *see* 28 U.S.C. § 1332(a)—Botany Bay removed this case to federal court, *see generally* Notice of Removal [ECF No. 1] at 2. Payroll has now moved to remand the case back to state court. *See generally* Remand Motion. In its Remand Motion, Payroll doesn't dispute Botany Bay's contention that the parties are completely diverse. Nor could it: "Plaintiff Payroll," the Complaint alleges, "is a Florida limited liability company with a principal place of business located at . . . Palm Beach Gardens, FL," and the "Defendant was and is a foreign corporation with a principal place of business located at . . . Lexington, KY." Complaint ¶¶ 2–3; *see also* Notice of Removal at 1 ("[C]omplete diversity exists between the parties[.]"). Payroll also doesn't contest the timeliness of the removal. After all, Botany Bay received Payroll's text message on March 8, 2023, *see* Saville Decl. ¶ 3, and it removed the case on March 15, 2023, *see generally* Notice of Removal—well within the thirty-day window set out in § 1446. *See* 28 USC § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

2

The only question for us to answer here, then, is whether Botany Bay has shown that the amount in controversy exceeds $75,000. Because we find that it has, we **DENY** Payroll's Remand Motion.

## THE LAW

A federal court should remand to state court any case that has been improperly removed. *See* 28 U.S.C. § 1447(c). The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934).

Congress has authorized the federal district courts to exercise original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). This type of jurisdiction (what we call diversity jurisdiction) requires *complete* diversity: Every plaintiff must be diverse from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). The party invoking diversity jurisdiction must establish that the amount in controversy exceeds $75,000. *See* § 1332(a). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

In evaluating whether the "particular factual circumstances of a case give rise to removal jurisdiction, we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (cleaned up); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

"[T]he general rule under Florida law is that each party bears its own attorneys' fees unless a contract or statute provides otherwise." *SE Prop. Holdings, LLC v. Welch*, 65 F.4th 1335, 1350 (11th Cir. 2023) (cleaned up). But "[w]hen attorneys' fees are recoverable—either by contract or by statute—only fees incurred at the time of removal should be included in the amount-in-controversy computation." *Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp. 3d 1276, 1282 (S.D. Fla. 2019) (Altman, J.).

**ANALYSIS**

As an initial matter, Payroll misstates Botany Bay's burden of proof. While it's true that the burden rests on the party invoking federal jurisdiction, "preponderance of the evidence"—*not* "legal certainty," Remand Motion at 3—is the appropriate standard. *See* 28 U.S.C. § 1446(c)(2)(B). And, while Payroll correctly says that "any doubt about whether the amount-in-controversy has been met must be in favor of remand," *see* Remand Motion at 1, there can be *no doubt* that Mr. Feldman's $90,000 demand exceeds our $75,000 amount-in-controversy requirement (90 being more than 75). Against the weight of this unassailable logic, Payroll advances three arguments—all meritless.

*First*, Payroll contends that, because its Complaint "stated the jurisdictional amount of $68,054.37 in damages for Counts I–III, that is the end of the inquiry, and the case is required to be remanded to state court." Remand Motion at 4. That's frivolous. A defendant may remove a case to federal court when he receives "a copy of an amended pleading, motion, order *or other paper*" showing

4

"that the case is one which is or has become removable"—and this is true *even when* "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b)(3) (emphasis added). So, while Payroll's Complaint demanded only $68,054.37, *see* Complaint ¶¶ 14, 19, 23, Payroll's subsequent settlement demand (which increased the amount in controversy to $90,000) qualifies as the kind of "other paper" that, by the statute's plain meaning, rendered this action immediately removable. *See, e.g.*, *Med. & Exec. Offs. of Aventura, LLC v. Great Lakes Ins. SE*, 603 F. Supp. 3d 1241, 1244 (S.D. Fla. 2022) (Altonaga, C.J.) ("Courts have held that responses to request[s] for admissions, *settlement offers*, and other correspondence between parties can be 'other paper' under 28 U.S.C. [section] 1446(b)." (quoting *Wilson v. Target Corp.*, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010) (Marra, J.) (emphasis added & cleaned up))).

On this point, Judge Vinson's decision in *Callahan v. Countrywide Home Loans, Inc.*, is instructive. As Judge Vinson correctly explained, when "e-mail correspondence from [the plaintiff] . . . included an estimate of damages in excess of $75,000," that correspondence constitutes "other paper" for purposes of our removal jurisdiction. 2006 WL 1776747, at *1 (N.D. Fla. June 26, 2006) (Vinson, J.); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) ("What constitutes 'other paper,' however, has been developed judicially. Courts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify. They include: responses to request for admissions; *settlement offers*; interrogatory responses; deposition testimony; *demand letters*; and email estimating damages[.]" (citing *Callahan*, 2006 WL 17776747, at *3 (emphases added))). We see no reason to treat the demand in this case differently just because it came in a text message—especially when that text simply took Payroll's original $68,054.37 and then added the 30% fee Mr. Feldman is (apparently) obligated to pay his lawyer.[2]

---

[2] Payroll (notably) never suggests that there's something distinctive about text messages that renders them somehow less "other paper" than emails.

*Second*, Payroll argues that the plaintiff's attorneys' fees should *never* be included in the amount-in-controversy computation where (as here) the complaint already "specif[ies] damages." Remand Motion at 4. And (Payroll continues) "assuming *arguendo*, that some form of attorneys' fees may be considered, the well-established rule in this Court is that: '[w]hen attorneys' fees are recoverable—either by contract or by statute—only fees incurred *at the time of removal* should be included in the amount-in-controversy computation.'" *Ibid.* (quoting *Torreyes*, 424 F. Supp. 3d at 1279–80).

Two problems with this. *One*, we don't need to assume anything "*arguendo*" because, as Payroll implicitly recognizes, attorneys' fees *can* be considered as part of the amount-in-controversy computation where "they are allowed for by statute or contract." *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) ("The general rule is that attorneys' fees do not count towards the amount in controversy *unless they are allowed for by statute or contract*." (emphasis added)). And the parties' contract in our case *explicitly provides* for the recovery of attorneys' fees. *See* Services Agreement at 8 ("[Botany Bay] agrees to indemnify and hold harmless [Payroll] . . . against any and all claims, suits, actions, losses, damages, liabilities, costs and expenses, including reasonable attorneys' fees[.]").

*Two*, Payroll misunderstands Botany Bay's position. Botany Bay isn't (contra Payroll's view) incorporating some "speculative" or "futuristic" demand for fees. Remand Motion at 4. Instead, Botany Bay has based its removal on Payroll's *pre-removal* demand for fees. *See* Response at 2 ("[P]rior to the date of removal," but nearly a month after this action was filed in state court, Botany Bay (through its sole shareholder Ginny Saville) "offered the Plaintiff's principal $68,054.37 to settle the claim, but he demanded $90,000.00, and refused to accept less to settle the claim, due to attorney fees."). As we've said, *before* removal, Payroll's principal, Alex Feldman, "explained that he was responsible for an attorney fee of 30% of the amount of the contract being sued on, and that he incurred this or was responsible for it at the time he placed the matter in his attorney's hands for

6

collection[.]" *Id.* at 2 (citing Saville Decl. ¶ 2). At that point, Botany Bay "conducted the calculation of this 30% attorney fee on the $68,054.37 amount, and it came out to $20,416.31"—which, when added to the original amount of $68,054.37, "is just shy of the $90,000 Mr. Feldman demanded and indicated was due and owing as of March 8, 2023." *Ibid.* These fees, in short, had (as Mr. Feldman made clear) *already* been incurred as of the date of removal.

Nor is Payroll right to cite a magistrate judge's report and recommendation for the blanket proposition that "contingency fees have not accrued in this case" and thus should "not be considered." *Ibid.* (citing *Walker v. United of Omaha Life Ins. Co.*, 2022 WL 2794301, at *1 (S.D. Ga. June 27, 2022) (Epps, Mag. J.), *report and recommendation adopted by* 2022 WL 2793484 (S.D. Ga. July 15, 2022) (Hall, C.J.)). For one thing, our facts are very different from the situation the magistrate judge faced in *Walker*, where the defendant was merely "guess[ing] that, as of the date of removal, the Plaintiff's claim for attorneys' fees *could have* exceeded" the "jurisdictional hurdle of $75,000 . . . if either (1) there is a one-third contingency fee agreement; or (2) Plaintiff's counsel had billed at least twenty-seven-and-a-half hours by the time of removal, based on an assumed hourly rate of $500 per hour." *Walker*, 2022 WL 2794301, at *1 (emphasis added). Here, by contrast, Botany Bay isn't "guessing" about Payroll's attorneys'-fee obligation because Mr. Feldman told Botany Bay (in writing) that Payroll *owes* its lawyers a contingency fee of 30%. For another, there can be no confusion in our case about whether Payroll's attorneys'-fee obligation was "in controversy" as of the date of removal. Again, in his text message, Mr. Feldman told Botany Bay that it *must* pay Payroll's full 30% lawyers' fee if it had any hope of resolving this lawsuit. *See generally* Saville Decl. ¶ 3. If attorneys' fees weren't "in controversy," this case would have settled back when Botany Bay offered to pay *the full amount* of Payroll's compensatory damages. That it didn't settle is thus strong proof that the 30% attorneys'-fee obligation was (and remains) very much in controversy.

7

Payroll's *third* argument is a nonstarter. Here, Payroll (inexplicably) tries to characterize its settlement demand as an "oral settlement communication," which "is not a pleading or 'other paper.'" Remand Motion at 6. But that's plainly false. Botany Bay has submitted direct evidence of Payroll's *written* settlement demands—all sent via text messages, *see* Response at 4 (citing Saville Decl. ¶ 3)—the authenticity of which Payroll never disputes, *see generally* Reply. That's really the end of that.[3]

We therefore find that, "by the preponderance of the evidence," Botany Bay has established "that the amount in controversy exceeds" the jurisdictional threshold "specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

*** 

After careful review, we hereby **ORDER AND ADJUDGE** as follows:

1. The Plaintiff's Motion for Remand to State Court [ECF No. 15] is **DENIED**.

2. The Defendant's request for "the opportunity . . . to conduct discovery in support of its position that subject matter jurisdiction exists," Notice of Removal at 3, is **DENIED as moot**.

3. By **October 23, 2023**, the parties shall submit a Proposed Amended Joint Scheduling Report.

4. The Clerk of Court shall **REOPEN** this case.

**DONE AND ORDERED** in the Southern District of Florida on October 16, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[3] Payroll also asks that we (1) "deny [the] Defendant's request for post-removal [jurisdictional] discovery," Remand Motion at 7, and (2) "award [Payroll] its costs and expenses, including attorneys' fees, incurred as a result of [the] Defendant's improper removal," *id.* at 8. Since we do have jurisdiction over this case, we'll deny as moot Botany Bay's request for jurisdictional discovery. And, because we aren't remanding this case, Payroll *isn't* entitled to any "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).