## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

PAYROLL, LLC                  :      Case No. 0:23-cv-60489

v.                              :

The Botany Bay, Inc.          :

### NOTICE OF FILING

       The Botany Bay, Inc., hereby gives notice of its filing of a Letter of Apology, attached

hereto, in conjunction with an impending settlement and resolution of all claims in this case (the

public filing and docketing of the attached letter is a condition and material term of that

settlement). The parties anticipate a formal notice of that settlement to occur and be filed in the

next 7 days.

                                      Respectfully submitted,

                                       By: /s/ Malinda L. Hayes
                                       MALINDA L. HAYES, ESQ.
                                       Florida Bar No. 0073503
                                       Law Offices of Malinda L. Hayes
                                       378 Northlake Blvd., Suite 218
                                       North Palm Beach, FL 33408
                                       (561) 537-3796

                                       /s/ Christopher Wiest
                                       Christopher Wiest (Ohio 0077931)
                                       Chris Wiest, Atty at Law, PLLC
                                       25 Town Center Blvd, Suite 104
                                       Crestview Hills, KY 41017
                                       Tel:     513/257-1895
                                       chris@cwiestlaw.com
                                       *Admitted Pro Hac Vice*
                                       *Counsel for Defendant*

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon Counsel for Plaintiff, by serving same
via filing via CM/ECF, this 8th day of December, 2023.

                                       By: /s/ Malinda L. Hayes

November 30, 2023

Mr. Alex Feldman
Payroll, LLC
8409 N Military Trail, Suite 119
Palm Beach Gardens, FL 33410

**RE:**   ***Payroll, LLC v. The Botany Bay, Inc.***
***Case No:  0:23-cv-60489***
***In the United States District Court for the***
***Southern District of Florida***

Dear Mr. Feldman:

My name is Ginny Saville. I am the Owner and President of The Botany Bay, Inc., the Defendant in this lawsuit. I am writing to apologize to you for making allegations of fraud against you, Payroll, LLC, Franklin De La Cruz and Jimmy Riccardi. We apologize for alleging that IRS rules or regulations were broken and acknowledge, based on information we have learned since the filing of our counterclaims and third-party claims that nothing Payroll, LLC, Franklin De La Cruz and Jimmy Riccardi did was illegal. On behalf of myself and my company, I unequivocally apologize and retract the allegations made by my company in this lawsuit.

This letter is being provided for the purpose of clearing up the issues between Botany Bay and Payroll LLC. We would like to begin by apologizing for the various misunderstandings, inaccuracies, and mistaken representations that have been made on our part. While our intent was to be honest, we now understand that we were working with faulty information and assumptions that were unconfirmed or unsubstantiated prior to engaging in our counterclaims and third-party claims.

Botany Bay entered this agreement with Payroll LLC in good faith with the intent of obtaining the ERC.  Payroll LLC described the process in detail, and prior to having Payroll LLC submit the paperwork to the IRS, we made Payroll LLC, specifically Alex Feldman, aware that we were having our CPA review everything. Payroll LLC had every reason to believe that their work was reviewed and "blessed" by our CPA.

Unfortunately, while we stated we would have our CPA review everything, we never actually were able to get it reviewed prior to Payroll LLC submitting the amended payroll tax returns to the IRS.  Furthermore, we never notified Payroll LLC that we did not have it reviewed, prior to Payroll LLC submitting the paperwork to the IRS.  To make matters worse, when we eventually had it reviewed by our CPA in August of 2022, we did not make Payroll LLC aware that we had it reviewed and that the CPA had reached a different conclusion than Payroll LLC. We could have solved this easily by making Payroll LLC aware and then arranging for the CPA and Payroll LLC to do a conference call with us to get to the bottom of things.

*1*

Upon receiving the funds, we failed to contact Payroll LLC, as per the agreement, and make them aware the checks arrived from the ERC.  To compound the problems, we ignored about 2 dozen attempts by Payroll LLC to contact us via calls, emails, and texts.  Our intention was not to avoid payment. On the contrary, we intended on paying the full invoice of approximately $60k, as evidenced by my text sent to Alex Feldman on March 8, 2023, stating the following:

"...I just need a statement showing the original amount and the wire instructions emailed to me..."

After this text, we had someone review our ERC eligibility and they concluded that we were eligible for the ERC between March and May of 2020. While we received an email with the IRS guidelines from Payroll, LLC, we understand that there were miscommunications between us and Payroll LLC, and that Payroll, LLC honestly believed that we were eligible for the ERC credit based on ambiguous information that we provided to them.  We believe this has all been a misunderstanding. We understand that Payroll LLC deserves to be paid for the services it has provided and we are prepared to make them whole.

Our attorneys have been very helpful and have attempted to provide us a zealous defense. At that time, we were operating with imperfect information and now need to correct the record for everyone's benefit. The biggest point we would like to make here is that we withdraw and apologize for the counterclaims and third-party claims, because, based on what we now know, there is no support or substantiation for those claims.

Below is an update to our initial counterclaims/third-party claims, based on the additional information we have obtained:

1. We now believe that based on the agreement, the Circuit Court for Broward County, Florida was the correct jurisdiction or venue.

2. We acknowledge arguments by Payroll, LLC and case law they provided in support that the written contract with Payroll LLC was legal and enforceable.

3. We inaccurately stated that Franklin De La Cruz was a "member" and "Partner" of Payroll LLC but now understand that statement is false.

4. We falsely stated that Jimmy Riccardi is a Florida resident, and his actions were "ratified" by Franklin De La Cruz. We did not have sufficient information to support this claim and were making assumptions.

5. We retract paragraph 5 of our counterclaim and have no basis to believe there were any "acts and/or omissions" made by Payroll LLC or anyone affiliated with Payroll LLC.

6. Payroll LLC provided us with the IRS guidelines via email and asked us to verify whether any government restrictions affected our business, and when that would have been.  We answered that as best we could, but acknowledge that our responses were ambiguous, and we understand why Payroll, LLC used those responses as a basis for eligibility for the ERC.

7. I inaccurately stated that I had a conference call that included Franklin De La Cruz.  While a conference call with Jimmy and Alex occurred, Franklin was not on the call.  We now understand that Franklin is NOT involved in this part of the business and is only on the administrative side of Payroll LLC.

8. We acknowledge that at no time prior to us being sued did we request Payroll LLC to get on a call with our CPA to review our file.

9. We stated that statements by Alex Feldman were false or knowingly false in our email exchange around July 7th, 2022, and we now understand that we were mistaken.  Alex Feldman was replying to my emails based on the information he had at the time and based on faulty information we provided to him.

10. While we stated we had additional questions, we never outlined any of these questions in writing, nor did we contact Payroll LLC to schedule a date and time to go over these questions.

11. We understand that by not providing a 2848 form and other paperwork, we were in breach of the agreement with Payroll LLC.  We understand that we ignored all attempts at contacting us by Payroll LLC to get the appropriate paperwork, instead of contacting them and addressing our concerns.  Furthermore, we understand that our agreement with Payroll LLC was for them to prepare and file ALL necessary paperwork with the IRS on our behalf and by not providing a 2848 form, we did not provide them with the necessary paperwork for Payroll LLC to complete its task efficiently.

12. All of our assertions about Payroll LLC not having a 2848 could have been avoided if we had fulfilled our part of the agreement by providing them with all the paperwork, as per their multiple requests and the terms of the written agreement we entered.

13. We now understand that Payroll LLC is not governed by 31 C.F.R. 10.27 because they were only tax preparers on our behalf.  This means they are not subject to the contingency fee restrictions or any of the other C.F.R.'s we outlined in our counterclaim.

14. We completely retract any suggestion that Payroll LLC, Feldman, De La Cruz, and Riccardi deliberately and willfully misstated and overinflated the amount of the ERC for Botany Bay.  We answered their questions on eligibility as best as we could, acknowledge that there was ambiguity in our responses, including our providing them copies of the Governor of Kentucky's orders that applied to our business, and there was misunderstandings on our part when it came to the impact on the business of COVID-19 restrictions. Payroll, LLC was relying on the information we provided them.

15. We stated that Payroll LLC completed a form 940X on behalf of Botany Bay but we now understand that this was incorrect. Payroll LLC NEVER filed any form 940X for us and we retract that claim. Furthermore, we erroneously claimed they transmitted these forms electronically to the IRS. We should never have made these inaccurate allegations, as they are harmful to Payroll LLC and could be legally actionable.

16. We retract the statement that Payroll LLC and its agents participated in a fraud. We now recognize our miscommunication and misunderstanding regarding eligibility.

17. We have repeatedly asserted that Payroll LLC did not provide us with the paperwork that was filed with the IRS. We understand that this paperwork could have easily been obtained by us by simply requesting it from the IRS directly or having our CPA make the request on our behalf.

18. We again withdraw our claims about the contingency fee's legality, as a tax preparer is not subject to the CFRs cited in the counterclaims under existing case law.  Payroll LLC was acting on our behalf as a tax preparer, based on the authority we provided Payroll LLC in our written contract with Payroll LLC.

19. We have repeatedly made claims that our experts concluded that Payroll LLC submitted 940X forms with improper claims and improper authorization. We now acknowledge that our experts were mistaken about the submission of a 940X by Payroll, LLC.

20. We inaccurately stated that Payroll filed the 940X returns with our incorrect address. We now acknowledge that this statement was incorrect because Payroll never filed any 940X forms on behalf of Botany Bay.

21. Our overzealous defense included calling Payroll LLC, Feldman, De La Cruz, and Riccardi "fraudster, criminals, and scam artists." We retract these allegations, apologize for making them, and now understand this is not true.  Specifically, we understand that calling these parties "criminals," when they don't have a criminal record, is inappropriate, wrong and may be legally actionable. We hope this apology and retraction will prevent them from taking any further action based on those allegations.

22. We made another false assertion that Payroll LLC was never a "partner" of ADP. We retract that statement.  We acknowledge that Payroll LLC was an ADP Wholesale Partner of ADP for a number of years.  We are in receipt of documentation to support the Partner program through ADP.

We also confirm the following, based on what we have learned since filing our counterclaims and third-party claims and to the best of our current knowledge:

1. The Circuit Court for Broward County, Florida possessed personal jurisdiction over Botany Bay.

2. Venue is proper in The Circuit Court for Broward County, Florida.

3. Payroll LLC properly served Botany Bay with service of process.

4. Payroll LLC stated a claim upon which relief can be granted.

5. Payroll LLC did not fail to join a necessary and indispensable party.

6. There was no illegality committed by Payroll LLC, Feldman, Riccardi or De La Cruz.

*4*

7. Payroll LLC's claims are not barred because Payroll LLC did not breach any fiduciary duties it may have owed to Botany Bay.

8. Payroll LLC did not commit fraud. Feldman, Riccardi or De La Cruz did not commit fraud.

9. Botany Bay was not fraudulently induced into the contract. Botany Bay entered into the written contract with Payroll LLC freely, voluntarily and at arm's length.

10. Payroll LLC did not engage in contributory negligence. Feldman, Riccardi or De La Cruz did not engage in contributory negligence.

11. Payroll LLC did not engage in any conduct that would estop it from enforcing the terms of the contract.

12. The contract contained sufficient consideration.

13. Payroll LLC satisfied the conditions precedent for its demand for payment from Botany Bay.

14. The contract was not unconscionable. Botany Bay entered into the written contract with Payroll LLC freely, voluntarily and at arm's length.

15. Payroll LLC did not commit a material breach of the Agreement.


      In closing, I want to reiterate that, on behalf of myself and my company, I unequivocally apologize and retract the inaccurate allegations made by my company in this lawsuit.

Sincerely,

Ginny Saville
President, The Botany Bay, Inc.